IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE M. RAGER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No.  2:20-176 |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) ) |

AMBROSE, Senior District Judge

**OPINION
and
ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 12, 14]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 13, 15]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment.

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). On or about October 25, 2016, Plaintiff applied for DIB. [ECF No.8-5, Exs. 1D, 2D]. In her application, she alleged that she became disabled on October 11, 2016, due to chronic inflammatory demyelinating neuropathy, scoliosis of the back

1

region, severe depression, severe arthritis of the extremities, personality disorder, migraine headaches, seizures, and IBS. [ECF Nos. 8-5 (Ex. 1D); 8-6 (Ex. 2E)]. Plaintiff's date of birth is December 8, 1965, and she was over 50 years old on her alleged onset date. [ECF No. 8-5 (Ex. 1D)]. Her date last insured was December 31, 2020. [ECF No. 8-2, at 14, 16].[1] The state agency denied her claims initially, and she requested an administrative hearing. [ECF No. 8-4 (Ex. 1B)]. Administrative Law Judge ("ALJ") Jessica M. Johnson held a hearing on April 11, 2019, at which Plaintiff was represented by counsel. [ECF No. 8-2, at 39-61]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert could not be present due to a scheduling difficulty, so the ALJ drafted interrogatories for the VE; proffered the draft interrogatories to Plaintiff's counsel, to which he responded on May 19, 2019; and submitted the written interrogatories to the VE. The VE responded to the interrogatories and to Plaintiff's counsel's questions. Id. at 13 and ECF No. 8-6 (Exs. 16E, 17E, 19E, 22E, 23E). In a decision dated September 13, 2019, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 8-2, at 13-32]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on December 6, 2019, the Appeals Council denied Plaintiff's request for review. [ECF No. 8-2 at 1-6]. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 12 & 14]. The issues are now ripe for my review.

---

[1] To receive DIB, Plaintiff must establish that she became disabled prior to December 31, 2020, the date on which her insured status expired, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.   WHETHER THE ALJ PROPERLY EVALUATED THE MEDICAL OPINION EVIDENCE**

Residual functional capacity ("RFC") refers to the most a claimant can still do despite her limitations. 20 C.F.R. § 404.1545(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. Id. Ultimately, however, the responsibility for determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1527(d); 404.1546; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

Here, the ALJ found that Plaintiff had severe impairments, including right knee degenerative joint disease; osteoarthritis in the bilateral hands; chronic demyelinating neuropathy; depression; and anxiety with panic. [ECF No. 8-2 at 16]. She then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 16-20. The ALJ further found that Plaintiff had the RFC to perform light work with the following limitations: she could occasionally operate foot controls with the right lower extremity; she must never climb ladders, ropes, or scaffolds, but she could occasionally balance, frequently stoop, and frequently crouch, but she must never kneel or crawl; she could tolerate occasional exposure to extreme temperature of cold and heat, but she must not be exposed to excessive vibration, dangerous machinery with moving, mechanical parts, or unprotected heights; she was able to perform work involving simple, routine, and repetitive tasks; she could occasionally make simple decisions and occasionally tolerate routine changes in the work environment; and she could occasionally interact with the public, co-workers, and supervisors. [ECF No. 8-2 at 20-30]. The ALJ ultimately concluded that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled within the meaning of the Act. Id. at 30-32.

Plaintiff argues that the ALJ's physical RFC finding is erroneous because she failed to evaluate the medical opinion evidence properly. [ECF No. 13, at 13-14].[2] Specifically, Plaintiff avers that the ALJ failed to address conflicts between two medical source opinions she found to be "generally persuasive" – those of Dr. Smith-Demain and Dr. Hernandez—and that she failed to discuss opinion evidence from orthopedist Scott Baron at all. See id. This argument is without

---

[2] Plaintiff does not contest the ALJ's evaluation of her mental impairments.

5

merit.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 404.1527(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." Id. § 404.1527(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only when an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. Id. Unless a treating physician's opinion is given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient/physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. Id. § 404.1527(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." Id. § 404.1527(c)(4).[3]

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

---

[3] Although the regulations governing the evaluation of medical evidence have been amended, the version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R. § 404.1527 (2017); 20 C.F.R. § 404.1520c (2017).

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § [404.1527]([c])(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Soc. Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." See 20 C.F.R. § 404.1527(d)(1), (3); Dixon v. Comm'r of Soc. Sec., 183 F. App'x 248, 251-52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance.").

Although the ALJ may choose whom to credit when faced with a conflict, she "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). That is, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 203-04 (3d Cir. 2008).

Here, Plaintiff complains that the ALJ erred in failing to address conflicts between two medical source opinions she found to be "generally persuasive" – those of Dr. Smith-Demain and Dr. Hernandez. [ECF No. 13, at 13-14]. I disagree. Alexandra Smith-Demain, M.D., performed a consultative examination of Plaintiff on May 30, 2017 and provided a Medical Source Statement

7

of her ability to do work-related physical activities. [ECF No. 8-9 (Ex. 19F)]. State agency reviewing physician, Arcadio Hernandez, M.D., reviewed the record evidence, including Dr. Smith-Demain's report, on June 8, 2017, and provided a physical residual functional capacity assessment. [ECF No. 8-3 (Ex. 1A)]. The crux of Plaintiff's complaint is that Dr. Smith-Demain opined that Plaintiff could stand or walk only one hour at a time, and sit for only three hours at a time, but Dr. Hernandez's assessment did not contain these limitations. [ECF No. 13, at 14].[4]

This distinction does not create a conflict warranting remand in this case. As set forth above, Mr. Hernandez reviewed Dr. Smith-Demain's opinion, as well as the other medical evidence of record, and found that Plaintiff could sit and stand and/or walk (with normal breaks) each for about 6 hours in an 8-hour workday. [ECF No. 8-3 (Ex. 1A)]. Because Dr. Hernandez's opinion post-dated Dr. Smith-Demain's, and Dr. Hernandez considered Dr. Smith-Demain's opinion in crafting his RFC assessment, it is reasonable to conclude that the ALJ considered Dr. Hernandez's evaluation of Dr. Smith-Demain's report in evaluating both physicians' opinions and crafting her RFC. Moreover, the ALJ discusses Dr. Smith-Demain's examination findings in detail elsewhere in her opinion, explaining that "[o]n examination, the claimant appeared in no acute distress. Her gait was normal, and she could walk on her heels and toes without difficulty. Her squat was fifty percent of normal. Her stance was normal. She used no assistive devices. [She] needed no help changing for the examination or getting on and off the examining table. She was able to rise from a chair without difficulty." See ECF No. 8-2, at 25 (citing Ex. 19F); see also id. at 17 (citing Ex. 19F as evidence at step three that Plaintiff was able to ambulate effectively). This discussion further supports a conclusion that the ALJ thoroughly evaluated Dr. Smith-Demain's

---

[4] The restrictions to which Plaintiff points are Dr. Smith-Demain's restrictions on Plaintiff's ability to sit, stand, and walk "at one time without interruption". [ECF No. 8-9, Ex. 19F]. Smith-Demain additionally opined that Plaintiff could sit for six hours, stand for four hours, and walk for four hours total in an 8-hour workday. See id.

opinion and included concomitant restrictions in the RFC where supported by the record.

As Defendant correctly notes, "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." Chandler, 667 F.3d at 361; see also 20 C.F.R. § 404.1527(d)(2). Indeed, "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 F. App'x 6, 11 (3d Cir. 2006); see also Chandler, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Third Circuit Court of Appeals explained in Titterington, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 F. App'x at 11; see also Pierce v. Comm'r of Soc. Sec., Civil Action No. 18-45-E, 2019 WL 1386058, at *1 n.1 (W.D. Pa. Mar. 27, 2019) ("[A]n ALJ need not discuss every piece of evidence in the record as long as the reviewing court can determine the basis for the decision.").

Here, the ALJ did not discount Plaintiff's symptoms entirely, and included numerous restrictions in her RFC finding related to Plaintiff's credibly-established physical impairments, including restrictions on lifting, carrying, climbing, kneeling, crawling, balancing, stooping, crouching, and operating foot controls. [ECF No. 8-2, at 20]. Further, the ALJ supported this RFC finding with substantial evidence, including, inter alia, medical opinion evidence; Plaintiff's treatment records, including records that showed mostly unremarkable examination findings; test results; Plaintiff's conservative treatment history; and Plaintiff's activities of daily living. See id. at 20-30 (citing, inter alia, Exs. 1A, 4E, 2F, 4F, 9F, 13F, 14F,16F, 19F, 26F, 27F, 29F, 31F, 32F, 33F, and Hearing Testimony). The ALJ even gave Plaintiff the benefit of the doubt and discounted medical opinion evidence suggesting that Plaintiff could perform a greater range of work. See, e.g., id. at 29-30 (rejecting the opinion of orthopedic surgeon Jeffrey Kann, M.D., that Plaintiff

could return to her past work as a paralegal (citing Ex. 24F)).

Contrary to Plaintiff's argument, the ALJ's alleged failure to address a November 30, 2017 letter sent from orthopedic doctor, Scott Baron, M.D. to Plaintiff's counsel in connection with her workers' compensation claim indicating his belief that Plaintiff could not return to her job (ECF No. 8-9, Ex. 23F) does not change this result. Dr. Baron based his "report" largely on information gathered during his examination of Plaintiff and reported to him by Plaintiff on March 13, 2017, only a few weeks after her knee surgery. [ECF No. 8-9, Ex. 23F]. These conclusions are similar to findings the ALJ rejected elsewhere and are inconsistent with the substantial evidence of record that the ALJ credited and cited in support of her RFC finding, including the findings of Drs. Hernandez and Smith-Demain. Moreover, the ALJ did not fail to address Plaintiff's treatment history with Dr. Baron. To the contrary, the ALJ discussed at length the treatment records from Plaintiff's March 13, 2017 appointment with Dr. Baron that formed the primary basis of his November 2017 report. See ECF No. 8-2, at 24-25 (acknowledging Plaintiff's knee complaints as reported to Dr. Baron, but noting that "[o]n examination, her knee showed a mild effusion, and she displayed a fairly good range of motion, despite tenderness and crepitus in the medial compartment and patellofemoral joint. There was trace to one-plus pseudolaxity in the medial collateral ligament, but she was otherwise neurologically intact."). Because the ALJ appropriately considered the medical evidence in accordance with the regulations and case law, I find no error on this issue.

For all the above reasons, I find that, in weighing the medical opinions concerning Plaintiff's impairments and in determining Plaintiff's RFC, the ALJ followed the appropriate procedures and sufficiently explained and supported her findings with substantial evidence of record. Therefore, I find that the ALJ did not err in this regard, and remand is not warranted on

this basis.

## C. WHETHER THE ALJ FAILED TO INCORPORATE LIMITATIONS RELATED TO ALL OF PLAINTIFF'S IMPAIRMENTS

Plaintiff's second argument is that the ALJ erroneously failed to include limitations concerning Plaintiff's headaches, right hip trochanteric bursitis, and bilateral hand osteoarthritis, into her RFC finding. [ECF No. 13, at 15-16]. This argument also is without merit.

As an initial matter, Plaintiff supports this argument largely by pointing to other record evidence she contends supports a finding of disability. The standard, however, is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Thus, such support is misplaced. Moreover, as Defendant notes in his brief, the ALJ did not ignore Plaintiff's complaints of headache, hip pain, or bilateral hand osteoarthritis in her opinion. To the contrary, the ALJ found Plaintiff's bilateral hand osteoarthritis to be a severe impairment and her headaches to be a non-severe impairment. Id. at 16. She proceeded to acknowledge Plaintiff's hip, headache, and hand pain complaints throughout her RFC analysis. Id. at 20-30, but explained that the medical evidence of record was inconsistent with the severity of symptoms alleged. See id. Applying the correct standard, I find that substantial evidence supports the ALJ's evaluation of these conditions. An ALJ is not required to accept Plaintiff's version of events uncritically. Rather, the ALJ must weigh all of the record evidence as set forth above. Again, in the case at hand, the ALJ did exactly that, carefully considering relevant evidence including Plaintiff's testimony, her course of treatment, medical records and opinions, and her activities of daily living in reaching her RFC finding. See ECF No. 8-2, at 20-30 (citing, inter alia, Exs. 1A, 4E, 2F, 4F, 9F, 13F, 14F,16F, 19F, 26F, 27F, 29F, 31F, 32F, 33F, and Hearing Testimony).

As shown above, the ALJ properly evaluated the evidence and determined Plaintiff's RFC

in accordance with applicable social security law and regulations. In so doing, she did not discount Plaintiff's pain or other symptoms entirely and included numerous restrictions in her RFC finding related to Plaintiff's credibly-established impairments. Id. The ALJ's RFC generously accounted for the limitations established by the evidence of record, and her findings are supported by substantial evidence. Accordingly, I find that the ALJ did not err in formulating Plaintiff's RFC, and there is no basis for remand on this issue.

### D. WHETHER SUBSTANTIAL EVIDENCE COMPELS A CONCLUSION OF DISABLED IN LIGHT OF PLAINTIFF'S AGE

In her Reply Brief, Plaintiff suggests that the ALJ committed harmful error in failing to include limitations such as Dr. Smith-Demain's standing and walking limitations and thereby concluding that Plaintiff could perform more than sedentary work. [ECF No. 18, at 2-3]. Plaintiff contends that, if Plaintiff were limited to work at the sedentary level, the Grid Rules would compel a finding of disabled because Plaintiff was over 50 years old on her alleged onset date. Id. (citing Grid Rule 201.14). Grid Rule 201.14 applies to claimants limited to sedentary work and directs a finding of "disabled" for an individual of advanced age (50+) who is a high school graduate or more, whose education does not provide for direct entry into skilled work, and whose previous work was skilled or semiskilled with skills not transferable. 20 C.F.R. Part 404, App'x 2, Grid Rule 201.14.

After careful consideration, I find that Plaintiff's argument is without merit. As explained above, the ALJ carefully considered the medical evidence at issue, including Dr. Smith-Demain's evaluation, and provided numerous reasons for discounting the severity of Plaintiff's complaints. See Section II.A and B, supra, and records cited therein. For all of the reasons set forth above, I find that substantial evidence supports the ALJ evaluation of Dr. Smith-Demain's report as well as her finding that Plaintiff was capable of performing a limited range of light work. Because

Plaintiff could perform light work, Grid Rule 201.14 does not apply and, thus, does not direct a finding of "disabled" in this case.

Again, this is not a case where the ALJ failed to discuss Plaintiff's limitations or the reasons for her RFC finding, precluding meaningful review. To the contrary, the ALJ thoroughly and thoughtfully addressed these issues, the associated record evidence, and her conclusions regarding the same. As set forth herein, the ALJ's findings are supported by substantial evidence. Plaintiff's disagreement or dissatisfaction with these findings is not cause for remand.

### III. **CONCLUSION**

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied.   An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE M. RAGER, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No.   2:20-176<br>) |
| ANDREW SAUL, Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 30th day of March, 2021, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment [ECF No. 12] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 14] is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge